[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION.
Following a jury trial, the trial court convicted appellant Bobby Terrell Sheppard of the aggravated murder and aggravated robbery of Dennis Willhide. He was also convicted of the specifications accompanying these offenses. The trial court imposed a sentence of death. Sheppard appealed his convictions to this court, asserting twenty-six assignments of error. We affirmed his convictions,[1] as did the Ohio Supreme Court.[2]
Sheppard filed a petition to vacate his convictions under R.C.2953.21 in the court of common pleas on January 28, 1997. He filed three amended postconviction petitions before the state filed its motion to dismiss his third amended petition. Sheppard filed a fourth amended petition after the state filed its motion to dismiss. (Only this petition provided evidence dehors
the record-affidavits of two psychologists.) On June 10, 1998, the state moved to strike Sheppard's fourth amended petition because he filed it without leave of court as required under R.C. 2953.21(F). That same day, the trial court granted the state's motion to dismiss the third amended petition and its motion to strike the fourth amended petition.
In the petition considered by the trial court, Sheppard claimed that his convictions and sentence were void or voidable for the following reasons: (1) the trial court failed to record both the jury-charge conference with counsel and the jury view; (2) the trial court failed to instruct the jurors not to conduct outside-the-record investigation of matters at issue and to inquire, after determining that one juror had made such an investigation, about the effect of the juror's investigation on the remaining jurors; (3) he was denied effective assistance of counsel because his trial counsel did not request such an instruction and inquiry, and because trial counsel did not present credible evidence that he suffered from schizophrenia on the date of the offenses; and (4) the warden failed to inform the court that Sheppard appeared to be insane. The trial court entered findings of fact and conclusions of law supporting its decision to dismiss Sheppard's third amended petition. The trial court determined that all issues could be resolved from the existing record and concluded that all the claims, except the last, were barred by res judicata and were not supported by evidentiary documents demonstrating actual prejudice. As to Sheppard's last claim, the trial court determined that it could not be raised by a postconviction petition, as it did not involve a claim of a denial of a constitutional right at trial. The trial court struck Sheppard's fourth amended postconviction petition because it was filed without leave of court.
Sheppard asserts in his sole assignment of error that the trial court erred in dismissing his petition without affording him an opportunity to respond to the state's motion to dismiss, in violation of Loc.R. 14(B) of the Hamilton County Court of Common Pleas. For reasons that follow, we hold that Sheppard had no procedural right to respond to the state's motion. Although we conclude that Sheppard's appeal is without merit on the authority of State v. Gipson,[3] we believe this case presents an opportunity to clarify our prior holding in State v. Noe.[4]
In State v. Noe, this court concluded that "prior to the state filing an answer or a motion, a trial court may sua sponte dismiss a petition because there are no substantive grounds for relief found in the petition, the affidavits, or the record. Once the state has filed a motion to dismiss the petition, however, the petitioner is entitled to respond to the motion."
In State v. Williams,[5] a case where the state filed a "memorandum in opposition" to petitioner's postconviction petition and the petitioner was not afforded an opportunity to respond, we held that where the petition and "the record of the case show that the petitioner is entitled to no relief, a court does not err in summarily dismissing the case without conducting any further inquiry, including the response made by the petitioner to a memorandum filed by the prosecuting attorney." (We noted that the state's memorandum was, in substance, a motion to dismiss.) We concluded that the petitioner suffered no prejudice in such a case by not being allowed to respond. No mention was made of State v.Noe, supra.
The petitioner in State v. Brown[6] brought once again to our attention State v. Noe, when his counsel complained in oral argument of his not being afforded an opportunity to respond to the state's response to his petition. We distinguished the cases based on the fact that the state in State v. Brown captioned its response a "Memorandum in Opposition to Petition to Vacate," and not, as in State v. Noe, a "Motion to Dismiss."
This court decided State v. Gipson,[7] without reference toState v. Noe. In State v. Gipson, we determined that "Loc.R. 14(B) conferred upon [the petitioner] no right to file a `reply memorandum' to the state's `memorandum in opposition' to his petition," because the state's memorandum was submitted, not in response to a motion as provided for by the local rule, but in response to a postconviction petition. We concluded that Loc.R. 14(B) by its terms is inapplicable to postconviction proceedings.
In State v. Garner,[8] the state filed a "Motion for a Ruling" in response to the petitioner's postconviction petition. The petitioner claimed that dismissal of his petition without a proper motion violated his due-process rights and argued that the response should have either been stricken or treated as a motion to dismiss or as a motion for summary judgment. Relying on Statev. Gipson and State v. Williams, we concluded that the petitioner's argument was without merit and held that "the state's filing of the motion, however titled by the state, was not improper, as it is clear from the record that it served to `merely [bring] to the court's attention' the legal basis for the dismissal and `added nothing to what the court, presumptively, already knew and was otherwise required to apply to the claims set forth in the petition before it.'"
In State v. Dunlap,[9] where the state responded to the petitioner's postconviction petition with a "Motion for Ruling," we once again reiterated that it does not matter what the state's response is captioned, because "when a postconviction petition and the record of the case show that the petitioner is not entitled to relief, the trial court may summarily dismiss the petition, without further submissions from either party."
In State v. Moore,[10] the petitioner complained that the trial court erred in dismissing his petition based on the state's "Memorandum in Response" to the petition and should have instead considered the state's motion as a Civ.R. 12(B)(6) motion or a motion for summary judgment. In Moore, we once again concluded that "R.C. 2953.21 allows the trial court to dismiss the petition summarily, with or without further submissions from either party, when a postconviction petition and the files and record of the case show that the petitioner is not entitled to relief."
In light of the above history, we believe that this court has overruled State v. Noe, supra, to the extent that a postconviction petition and the record of a case show that the petitioner is not entitled to relief. In that situation, because the trial court may summarily dismiss the petition, without further submissions from either party, a petitioner is not prejudiced by his not being allowed to respond to a motion to dismiss. We do not believe the caption of a state's motion concerning a petition for postconviction relief necessarily dictates whether a petitioner may respond, where the petition and record demonstrate as a matter of law that a petitioner is not entitled to postconviction relief.
In this case, Sheppard's claims are either barred by res judicata
or inappropriate for postconviction relief. Thus, the inability to respond to the state's motion, even were Loc.R. 14(B) applicable to postconviction proceedings, was not prejudicial.
In addition, Sheppard asserts that the trial court erred in denying leave to amend his petition for a fourth time. Sheppard had amended his petition three times previous to the state's motion. R.C. 2953.21(F) allows free amendment any time before a responsive pleading is filed by the state, and amendment by leave of court thereafter. Here, the state filed its motion to dismiss before Sheppard's attempted fourth amendment. The court then denied Sheppard leave to further amend. Under the facts of this case, especially considering the three prior amendments, we decline to hold that the trial court abused its discretion in denying leave to further amend. The state's motion, whatever its caption, had perhaps the sole effect of cutting off Sheppard's further ability to amend his petition without leave of court.
Sheppard's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Gorman, P.J., and Sundermann, J., concur.
Please Note:
This court has recorded its own entry on the date of the release of this Opinion.
[1] See State v. Sheppard (June 11, 1997), Hamilton App. Nos. C-950402 and C-950744, unreported.
[2] See State v. Sheppard (1998), 84 Ohio St.3d 230,703 N.E.2d 286.
[3] State v. Gipson (Sept. 26, 1997), Hamilton App. Nos. C-960867 and C-960881, unreported.
[4] State v. Noe (Jan. 29, 1992), Hamilton App. No. C-910430, unreported.
[5] State v. Williams (Aug. 1, 1997), Hamilton App. No. C-960822, unreported.
[6] State v. Brown (Aug. 29, 1997), Hamilton App. No. C-960948, unreported.
[7] State v. Gipson (Sept. 26, 1997), Hamilton App. Nos. C-960867 and C-960881, unreported.
[8] State v. Garner (Dec. 19, 1997), Hamilton App. No. C-960995, unreported.
[9] State v. Dunlap (June 26, 1998), Hamilton App. No. C-970117, unreported.
[10] State v. Moore (Sept. 18, 1998), Hamilton App. No. C-970353, unreported.